104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ronald DAVIDSON, Plaintiff-Appellant,
v.
Doctor Jung LEE; Doctor Joseph Zizzi, MD; Doctor Theresa
Foucades, MD; Kerry Perese; Mary Watson; Beverly Davis;
Bernadette Bell; Beverly Bernfeld; Unknown Hospital
Administrator; Unknown ECMC Security Officers; Linda Somma
Berger; T.S. Durfee; Steven A. Martin; Unknown Correction
Officers 1-5, Defendants,
Gregory Sarra; J.D. Wood; David Unger, Defendants-Appellees.
 No. 95-2706.
 United States Court of Appeals, Second Circuit.
 Oct. 31, 1996.
 
 Appearing for Appellant: Ronald Davidson, pro se, Auburn New York.
 Appearing for Appellees: Dennis C. Vacco, Attorney General of the State of New York, Albany, New York.
 Before VAN GRAAFEILAND, WINTER and ALTIMARI, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Western District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Ronald Davidson appeals from Judge Curtin's grant of summary judgment to the defendants, dismissing his 42 U.S.C § 1983 complaint. The complaint alleged that J.D. Wood and David Unger wrote retaliatory disciplinary reports in response to the complaints Davidson made at the Erie County Medical Center and in response to a lawsuit Davidson previously filed against Unger and various other personnel at the New York State Department of Correctional Services. The reports charged Davidson with misbehavior during his stay at the medical center, including a failure to follow orders to turn on a night light, harassing Wood and the nursing staff with abusive language and the threat of lawsuits, and calling a doctor for false emergencies. After a disciplinary hearing, Davidson was found guilty of the charges and received twenty days keeplock, ninety days loss of telephone use and commissary, sixty days loss of packages, and seventy-five days loss of recreation and special events.
 
 
 4
 The district court granted the defendants summary judgment on the grounds that Davidson made only conclusory statements to support his retaliation claim and that the disciplinary hearing he received satisfied due process. Davidson argues that the district court erred in finding no genuine issue of material fact and improperly denied his motion for appointment of counsel, thus impeding his ability to conduct discovery. We disagree.
 
 
 5
 We review the district court's granting of summary judgment de novo. Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc., 967 F.2d 742, 746 (2d Cir.1992). To succeed in a claim of retaliation under Section 1983, Davidson must show that the governmental action was motivated by constitutionally protected conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). The government can then defeat the claim by showing that it would have reached the same result in the absence of the protected conduct. Id. at 285-86. Thus, where state action is motivated by both proper and improper reasons, the action will be upheld if it would have been taken in the absence of the improper reason. Lowrance v. Achtyl, 20 F.3d 529, 535 (2d Cir.1994).
 
 
 6
 The filing of grievance complaints and lawsuits is constitutionally protected. See Bounds v. Smith, 430 U.S. 817 (1977) (right to access to the courts). Davidson alleges that Unger and Wood violated his rights because "Unger's [misbehavior] report was reprisal for [his] numerous complaints against him and he subsequently informed [Davidson] of that and threatened to write more reports against [him] if [Davidson] continued to file complaints against him." Wood "made continuous harassing remarks to [him] concerning [his] reputation for filing grievances, complaints and lawsuits." Moreover, Wood's report arguably supports Davidson's allegation as it refers to Davidson's threats of litigation--"I'm going to sue you and your family"--therefore indicating that Davidson's propensity for filing lawsuits may have been a factor the defendants considered in filing the reports. Construing these facts in a light most favorable to Davidson and drawing all reasonable inferences in his favor, as we must do on a motion for summary judgment, there thus may be a genuine issue of material fact as to Unger's and Wood's motivation. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995) (plaintiff's allegation that a prison official admitted to retaliating against plaintiff constituted "direct evidence of retaliation" and "create[d] a credibility issue that is not readily amenable to resolution on summary judgment.")
 
 
 7
 However, the defendants have shown as a matter of law that Davidson would have been punished for his behavior regardless of the defendants' alleged retaliatory motives. The defendants provided extensive evidence to prove Davidson's misconduct: three officers testified to Davidson's refusal to keep on a night light; Davidson's nurse wrote a letter testifying to Davidson's harassing language--"Get these fucking nurses out of here. I don't want them touching me. Especially that big haystack"; and a doctor's discharge summary affirmed the fact that Davidson had summoned a doctor for chest pains he faked in order to complain about administrative problems. Davidson has provided no evidence to corroborate his version of the events. The defendants have succeeded, under the second prong of the Mt. Healthy analysis, in showing that Davidson would have received punishment for his behavior regardless of the defendants' alleged improper motives. 429 U.S. at 285-86; see also Lowrance, 20 F.3d at 535.
 
 
 8
 Davidson's claim that he was erroneously denied the appointment of counsel also fails. An "indigent seeking a free lawyer [must] first pass the test of likely merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 173 (2d Cir.1989). The district court has "substantial discretion" in making or denying such an appointment. Id. at 171-72 (internal quotation marks omitted). We find that the district court did not abuse its discretion in refusing to appoint counsel for Davidson.
 
 
 9
 We therefore affirm.